UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J. MARTINEZ § | | |
|     Plaintiff, § | C.A. NO. _____ | |
| § | | |
| vs. § | [JURY] | |
| § | | |
| FLEXI-VAN LEASING, INC. § | | |
|     Defendant. § | | |

_____

**ORIGINAL COMPLAINT**
_____

**TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:**

Plaintiff complains of FLEXI-VAN LEASING, INC. and will respectfully show the Court the following:

**I.**

**JURISDICTION AND VENUE**

1.01   This is a case within the Diversity Jurisdiction of this Court, the Plaintiff and Defendant are diverse in citizenship pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.00.

1.02   Venue is proper because a substantial portion of the events arose within this District.

**II.**

**PARTIES**

2.01   Plaintiff is a Texas domiciliary residing within this district.

2.02   Defendant, FLEXI-VAN LEASING, INC. [hereinafter "Defendant" or "Flexi-Van"], is a Delaware corporation with its principal place of business in New Jersey.  Defendant

does substantial business in Texas for monetary profit and is subject to this Court's jurisdiction. Defendant may be served with process through its registered agent: CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

## III.

### FACTS

3.01   On or about June 18, 2007, Plaintiff was working as a Truck Driver for Shippers Stevedoring Company at Barbours Cut Terminal [the "Terminal"] in the Port of Houston. As part of his duties, Plaintiff operated yard husslers within the Terminal to transport containers to and from the dock and container pad. At the time in question, Plaintiff transported an Isotank container from the dock to the container pad to be discharged.

3.02   Plaintiff positioned the hussler and chassis below the crane and waited for the operator to discharge the container from the chassis. However, and unbeknownst to Plaintiff, when the crane operator lowered the spreader bar onto the container, one corner of the chassis "locked" into place on its own – securing the container to the chassis. Suddenly and unexpectedly, the operator hoisted the container, lifting the hussler and container approximately 10 feet in the air. Seconds later, the chassis twist lock mechanism broke, causing Plaintiff and his hussler to plummet to the ground. At all material times hereto, Plaintiff was seated within the hussler cab.

3.03   As a result, Plaintiff suffered serious injuries to his head, neck and back. Plaintiff is currently receiving medical treatment and the nature and extent of his injuries are not yet known.

## IV.

### CAUSES OF ACTION

### NEGLIGENCE

4.01   Plaintiff incorporates by reference the allegations contained above in paragraphs 3.01 – 3.03.

4.02   Upon information and belief, Defendant Flexi-Van owned, operated, leased, and/or maintained the subject chassis involved in this suit, which at all times hereto remained under its care, custody and/or control.  Defendant was negligent and careless in the following respects which, among others, may be shown at the trial of this cause:

1. failing to maintain the chassis and/or related component parts in proper working order;

2. failing to inspect the chassis and/or related component parts to insure they were in proper working order;

3. failing to warn users, drivers, agents, servants and/or representatives, including Plaintiff, of the dangers associated with the chassis and/or related component parts;

4. failing to properly train its employees, agents, servants, and/or representatives to maintain and inspect the chassis and/or related component parts;

5. failing to notice the chassis and/or related component parts were not in proper working order; and

6. failing to repair and/or replace the chassis and/or related component parts.

4.03   Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident and injuries sustained by Plaintiff.

## V.

### DAMAGES

5.01  Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future.  By reason of the nature and severity of Plaintiff's injuries, Plaintiff has been caused to incur medical charges in the past and will continue to incur medical expenses in the future for the proper case and treatment of his injuries.

## VI.

### JURY DEMAND

6.01  Plaintiff hereby respectfully demands a jury.

## VII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Flexi-Van Leasing, Inc., be duly cited to appear and answer herein and that upon final hearing hereof, Plaintiff recover:

- General damages as provided by law;
- Future pain and suffering;
- Future mental anguish;
- Physical impairment;
- Medical expenses (past & future);
- Loss of earning capacity (past & future);
- Interest on damages (pre- and post-judgment) in accordance with law;
- Costs of court; and
- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GILMAN ✳ ALLISON LLP


*/s/ Brenton J. Allison*
Brenton J. Allison
Fed. ID. No.: 36863
State Bar of Texas No.: 24040417
909 Fannin, Suite 3838
Houston, Texas 77010
Telephone: (713) 224-6622
Facsimile: (866) 543-3643

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:

Douglas T. Gilman
Federal I.D. No. 596954
State Bar of Texas No. 24048496
GILMAN ✳ ALLISON LLP